[No. 28414. Department One. September 2, 1941.]

CHIEF PETROLEUM CORPORATION, *Appellant,* v. THE
CITY OF WALLA WALLA *et al., Respondents.*[1]

[1]Reported in 116 P. (2d) 560.

W. G. *Coleman*, for appellant.

*Thomas P. Gose*, for respondents.

MAIN, J.—The plaintiff brought this action to require the commissioners of the city of Walla Walla to issue it a permit for the construction of a gasoline service station. The trial resulted in a denial of the application and a judgment dismissing the action, from which the plaintiff appealed.

Section one of the zoning ordinance of the city defines a residential district as any district within the limits of the city where seventy-five per cent of the property is used, or intended to be used, for residential purposes.

Section two is as follows:

"Hereafter, no building within a residential district shall be erected, altered, or used for any business or trade purposes without the owner thereof either first obtaining the written consent to the proposed use of the owners and occupants of 75% of the property within a radius of four hundred (400) feet of the proposed building, or without first obtaining a permit therefor from the City Commission. Provided, however, that this ordinance shall not apply to any existing building or premise in any residential district now used for business or trade purposes."

Section three provides that, before the city commission shall grant or refuse any application for a permit, it shall hold a public hearing after due notice, and

". . . in its deliberations thereon, it shall determine whether the proposed use would be detrimental to the best interest of the public peace, health and safety, taking into consideration the character of the neighborhood then surrounding the proposed location and the effect of the proposed use. . . ."

August 6, 1940, the appellant, being the owner of certain property in the city of Walla Walla, requested a permit for a service station, and supported this application by the written consent of the owners of property within the district; but, when this was referred to the city engineer, it was determined that it contained slightly less than seventy-five per cent of the property, as provided in section two of the ordinance. Thereafter, certain of those who had given their consent withdrew it, and the matter came on for hearing before the commission after due notice. The commission declined to grant the permit, and, as a result thereof, the present action was instituted.

With the exception of two questions, which will be later noticed, the decision of this case is controlled by the holding in the case of State ex rel. Lane v. Fleming, 129 Wash. 646, 225 Pac. 647, 34 A. L. R. 500. It was there held (a) that, if an ordinance is the proper exercise of the police power, its constitutionality cannot be denied, and that the provisions of the Federal and state constitutions do not apply to legislative enactments in the exercise of that power; (b) that there is a distinction between those things that are not harmful or unsafe and those which are within the police power, and that, as to those that are within that power, the granting or withholding of a permit may be left to the judgment or discretion of the city council or city commission, as the case may be. There is quoted in the opinion a statement from Dillon on Municipal Corporations (5th ed.), § 598, which, in part, states:

" 'Many cases are to be found sustaining ordinances prohibiting acts or even the following of trades or occupations without procuring permits which may be issued at the discretion of the council, mayor, or some other city officer or department, and the fact that the dispensing power was apparently conferred without

restraint or qualification has been regarded as arising merely from the difficulty of defining in advance upon what conditions the permit shall be given or the dispensing power exercised. It has also been said that it is not to be assumed that the council or officer in exercising the dispensing power will act arbitrarily or otherwise than in the exercise of a sound discretion.' "

It is further pointed out that the only limitation upon that power is whether the governing body acts arbitrarily. The questions are comprehensively discussed in the opinion in the case referred to, and many authorities are cited, and we see no occasion to enter again upon a review of things covered by the opinion in that case.

It is further stated in that case:

"That gasoline is a high explosive and when stored in large quantity possesses the power of danger to persons and property, there can be no doubt."

The storage of gasoline in large quantities, being dangerous to persons and property, is subject to the regulation of the governing body of the city, and is covered by that provision of the ordinance relating to public safety.

In the case of *Euclid v. Ambler Realty Co.*, 272 U. S. 365, 71 L. Ed. 303, 47 S. Ct. 114, 54 A. L. R. 1016, speaking with reference to a zoning ordinance of a thing which is within the police power, it is stated, in part:

"It must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."

In the case of *Seattle Title Trust Co. v. Roberge*, 278 U. S. 116, 73 L. Ed. 210, 49 S. Ct. 50, 86 A. L. R. 654, it was held that an ordinance of the city of Seattle was unconstitutional because it made the consent of certain

property owners final and did not provide for any review, or the exercise of any discretion, in granting or refusing a permit by the city council. It was there said:

"There is no provision for review under the ordinance; their failure to give consent is final. They are not bound by any official duty, but are free to withhold consent for selfish reasons or arbitrarily and may subject the trustee to their will or caprice."

It may further be said, in passing, that cases which deal with ordinances regulating things which are not harmful and unsafe have no application here.

■ We now come to the two questions which are not covered by the opinion in the *Lane* case. The first of these questions calls for a construction of the ordinance here involved. Section two of the ordinance, above quoted, provides that no building within the residential district shall be erected, altered, or used for any business or trade purposes without the owner thereof either first obtaining the written consent of the owners of the property within the district to the proposed use, as therein specified, or "without first obtaining a permit therefor from the City Commission."

From the plain language of section two, it appears to us that it does not convey the meaning that, if the requisite number of property owners consent, this is binding upon the commission. As we view it, the proper construction of the ordinance is that the commission has the discretion either to grant or to refuse the application for a permit. If this is the proper construction, then the holding in *State ex rel. Lane v. Fleming, supra,* sustains the validity of the ordinance.

■ The next question is whether a district in which the appellant sought a permit for the purpose of erecting a service station was a residential district.

The appellant offered testimony that it was not a residential district. The respondents offered testimony to the effect that it was. At the conclusion of the trial, the court, at the request of counsel, viewed the district, and in its memorandum decision said, after considering the testimony and the character of the district, that:

"At the close of the case, it was suggested that the Court view the property of the plaintiff and the surrounding premises within a radius of 400 feet of the location of the proposed service station. The court, after viewing the premises, was convinced that the property where the plaintiff desires to erect the service station is unquestionably a residence district."

There is nothing in this case from which it could reasonably be concluded that the commissioners had acted arbitrarily. On the other hand, we are of the view that they properly exercised their discretion.

The judgment will be affirmed.

ROBINSON, C. J., STEINERT, BLAKE, and DRIVER, JJ., concur.