[Civ. No. 20947. Second Dist., Div. One. June 4, 1956.]

JAMES M. CASE et al., Plaintiffs and Appellants, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

Brennan & Cornell, Hill, Farrer & Burrill, and William E. Cornell for Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Alfred E. Rogers, Deputy City Attorney, Gerald Bridges and Wesley L. Nutten, Jr., for Defendants and Appellants.

WHITE, P. J.—The judgment from which all parties to the instant action have appealed reads, in part, as follows:

"IT IS ADJUDGED, DECLARED AND DECREED that Ordinance No. 100,775 of the City of Los Angeles, State of California violates good zoning practice and comprehensive zoning planning and does not satisfy or meet good zoning practice and was arbitrary and discriminatory with respect to owners of property similarly situated.

"IT IS FURTHER ADJUDGED AND DECREED that Ordinance No. 100,775 of the City of Los Angeles, State of California does not infringe or injure the plaintiffs' rights in the use and enjoyment of their property and said Ordinance No. 100,775 is valid as against all contentions of the plaintiffs in this action.

"IT IS FURTHER ADJUDGED AND DECREED that defendants have and recover from plaintiffs their costs of suit herein . . ."

Plaintiffs have appealed from the provision of the paragraph of the judgment first above quoted limiting the adjudication that said ordinance was arbitrary and discriminatory, to wit: "with respect to owners of property similarly situated"; and from the whole of the second and third paragraphs above quoted. Defendants Hollywood Village, Inc., Hollywood Maxwell Company and the city of Los Angeles have appealed from the whole of the paragraph of the judgment first above quoted.

Defendant Hollywood Village, Inc., was and is the owner of approximately 26 acres of land bounded on the south by Cahuenga Boulevard, on the north by Hollywood Freeway, on the east by Barham and on the west by Lankershim Boulevards. The parcel is long and narrow, having approximately one mile of frontage on Cahuenga and the Freeway, and a

depth of only 75 to 300 feet, the remaining depth of Hollywood Village, Inc's. land having been condemned for the building of the Freeway. Said land had for many years been zoned C-2. Immediately prior to the building of the Freeway, portions of the 26 acres were rented to various tenants and produced an annual gross income in excess of $40,000. After the opening of the Freeway and the resulting diversion of traffic from Cahuenga Boulevard, only one tenant remained,—one who had been operating its business in a structure on said premises for approximately 10 years pursuant to a variance from C-2 zone granted by the Los Angeles zoning authorities, and the annual gross income from said 26 acres was reduced to $4,500.

June 18, 1952, Hollywood Village, Inc. applied for change of zone from C-2 to C-M on the 3⅓ acres immediately north of the portion of its land being so used under the permitted variance. Said 3⅓ acres has 538 feet on Cahuenga Boulevard and a depth of 233 to 300 feet northerly to the Hollywood Freeway. Defendant Hollywood Maxwell Company had contracted to purchase said 3⅓ acres, said purchase being contingent upon the change of zone from C-2 to C-M. On November 26, 1952, Ordinance Number 100,775 so changing the zone of said 3⅓ acres was adopted. Although said ordinance had a stormy passage, it is conceded that all required formalities were observed and that it was adopted by the proper legislative body.

Plaintiffs, property owners and taxpayers of the city of Los Angeles, brought the instant action seeking a declaration that said ordinance is unconstitutional, null and void and an injunction to prevent the construction of any factory upon said 3⅓ acres.

Each of the plaintiffs owns residence property in the interior of an R-1 Zone. Between the properties of the plaintiffs and the 3⅓ acres so rezoned are properties south of Cahuenga and properties north of Hollywood Freeway which are zoned for business. Some of the plaintiffs pass said 3⅓ acre parcel in order to reach their residences from Los Angeles or from San Fernando Valley, and some of their properties overlook said 3⅓ acres. The nearest of plaintiffs' residence properties, as shown by the map in evidence, is about 800 feet distant by straight line and horizontally, and about ½ mile by road; and, according to testimony in the record, all their residences are in the surrounding hills.

The trial judge, upon agreement of all parties and their

counsel, personally inspected the residences of the respective plaintiffs, the 26 acres zoned C-2 and the 3⅓ acres rezoned C-M.

The court found that in 1946, the Los Angeles City Council adopted Ordinance Number 90,500 and thereby established a comprehensive zoning plan for the entire city of Los Angeles; that by Ordinance Number 100,775 the city rezoned 3⅓ acres bounded by Cahuenga Boulevard, Hollywood Freeway and the remainder of said 26 acres owned by defendant Hollywood Village Inc.; "that all of the plaintiffs reside several blocks distant from the premises described in Ordinance No. 100,775 . . . that it is not true that the enactment of Ordinance No. 100,775 prejudiced or damaged the plaintiffs or any of them. . . ."; that said ordinance "violated good zoning practice and the rules of comprehensive zoning in permitting the changing from C-2 and R-4 to C-M for a fractional portion of the property owned by the defendant Hollywood Village Inc. to wit 3⅓ acres and by giving to said defendants a special right or privilege not enjoyed by owners of other property similarly located as the subject property, and was arbitrary and discriminatory and constituted spot zoning. The property of the plaintiffs was not similarly located to that of the subject property."

The finding and declaration that the amendment to the zoning ordinance here complained of does not constitute an arbitrary or unreasonable discrimination as against plaintiffs is supported by the judge's view of the properties of all parties, in addition to testimony in the record which need not be here set forth.

The changing of the zone from C-2 to C-M on the 3⅓ acres of land belonging to Hollywood Village Inc. does not restrict plaintiffs in the use of their own property. They have no vested right in the maintenance of restrictions on the property of defendants. It may be true that to continue the zoning restrictions upon defendants' property would confer benefits on neighboring owners, including plaintiffs, and enhance the value of their properties, but the existence of such benefits does not generate interests protected by the Constitution against diminution by governmental authorities in the proper exercise of the police power. The city in the exercise of its police power has the right to modify its zoning regulations from time to time. (*Wheeler* v. *Gregg,* 90 Cal. App.2d 348, 365 [203 P.2d 37]; *Acker* v. *Baldwin,* 18 Cal.2d

341, 345 [115 P.2d 455]; *Otis* v. *City of Los Angeles,* 52 Cal. App.2d 605, 613 [126 P.2d 954].)

As urged by plaintiffs, they were entitled to a declaration of their rights and duties with respect to said ordinance. (*Essick* v. *City of Los Angeles,* 34 Cal.2d 614, 624-625 [213 P.2d 492].) In the instant action, the court declared said ordinance "valid as against all contentions of the plaintiffs in· this action." Under the facts and circumstances of the instant action that declaration was proper.

Defendants' appeal seeks the reversal of the portion of the judgment which declares that said ordinance "violates good zoning practice and comprehensive zoning planning and . . . was arbitrary and discriminatory with respect to owners of property similarly located."

■ While ordinances for spot zoning and those which create monopolies are examples of illegal, unreasonable, arbitrary and discriminatory zoning (*In re White,* 195 Cal. 516 [234 P. 396]; *Wilkins* v. *City of San Bernardino,* 29 Cal. 2d 332, 340 [171 P.2d 542]), in an action for declaratory relief under the provisions of section 1060 of the Code of Civil Procedure the court is authorized to determine and declare only the issues between the parties to the action. It having been found in the instant action that none of plaintiffs' properties is "similarly situated" to that zoned by Ordinance Number 100,775, and that none of plaintiffs' rights are infringed by it, the paragraph of said judgment from which defendants have appealed is a declaration concerning matters not properly in issue.

The portion of the judgment providing that "IT IS ADJUDGED, DECLARED AND DECREED that Ordinance No. 100,775 of the City of Los Angeles, State of California violates good zoning practice and comprehensive zoning planning and does not satisfy or meet good zoning practice and was arbitrary and discriminatory with respect to owners of property similarly situated" is reversed.

In all other respects the judgment is affirmed.

Doran, J., and Fourt, J., concurred.

The petition of. plaintiffs and appellants for a hearing by the Supreme Court was denied August 1, 1956.