[No. 38475. Department Two. May 26, 1966.]

STANLEY O. MCNAUGHTON *et al., Appellants,* v. BERTHA BOEING *et al., Respondents.*\*

\*Reported in 414 P.2d 778.

*Cummings & Harris,* by *Theodore P. Cummings,* for appellants.

*Derrill T. Bastian, Holman, Marion, Perkins, Coie & Stone,* and *Burroughs B. Anderson,* for respondents.

HILL, J.—The respondent Bertha Boeing owns 53 acres of land north of Seattle, lying between 155th and 160th streets and west of Aurora Avenue.

The respondent Sears, Roebuck and Co., Inc., has indicated its desire to acquire this property for the purpose of a regional shopping center. Tracts of land in a single ownership suitable for such purposes are patently hard to come by.

Unfortunately for the eager purchaser and the willing seller, only the easterly 30 acres of the 53-acre tract had been zoned for business in 1946, the westerly 23 acres being then zoned for residential purposes. Parenthetically no part of the 23 acres has ever been used for such purposes, it being unimproved and covered with second-growth timber.

When a petition was filed asking for a rezoning of the westerly 23 acres for business, the appellants, among others, objected. They are the owners of residential properties, ranging in value from $25,000 to $30,000, who appreciate having 17 of the westerly 23 acres as a buffer strip between

their properties and the property presently zoned for business purposes. They assert that the desirability of their property will be lessened and its value depreciated by the change in zoning. They have fought the rezoning every step of the way: before the county planning commission, the Board of County Commissioners, the superior court, and now the Supreme Court.

The rezoning, on January 25, 1965, was conditioned on a number of requirements for the protection of the adjacent residential properties, including adequate screening.

The appellants secured a writ of certiorari from the Superior Court for King County, directed to the planning commission and the Board of County Commissioners. The purpose was to have the trial court set aside the rezoning of the 23 acres from residential to business as being arbitrary and capricious.

After an examination of the returns to the writ of certiorari made by the planning commission and the county commissioners, the trial court found that the appellants were not entitled to the relief requested, and dismissed the writ.

From the judgment of the trial court, this appeal was taken.

From our own examination of the record we are satisfied that the trial court correctly analyzed the issues, and made the proper determination, which was that the Board of County Commissioners did not act arbitrarily and capriciously in rezoning the 23 acres in question from residential to business use.

■ We have no quarrel with the appellants' first argument that the general purpose of zoning is to stabilize the use, conserve the value of property, and to preserve the character of neighborhoods; but we insist that the emphasis be placed on the words "general purpose."

Zoning cannot be a straight jacket to halt the burgeoning business and industrial life of a community. Had Third and Pike, in Seattle, been zoned in 1866 as residential property (which it then was), there could be no justification for in-

sisting that it remain so 20 years later, in 1886. The trial judge expressed our views when he said:

I feel that the governing body has a right to realize that in the course of time we need certain increases and allowances for shopping centers and business centers and that sort of thing, and that it is their function to progress in these matters and decide what to do about them.

The county in the exercise of its police power has the right to modify its zoning regulations from time to time. *Case v. Los Angeles,* 142 Cal. App. 2d 66, 298 P.2d 50 (1956); *Bartram v. Zoning Comm'n of Bridgeport,* 136 Conn. 89, 68 A.2d 308 (1949); *Chayt v. Maryland Jockey Club,* 179 Md. 390, 18 A.2d 856 (1941).

We have on several occasions observed that zoning ordinances are constitutional in principle as a valid exercise of the police power, and will be upheld if there is a substantial relation to the public health, safety, morals, or general welfare. *Hauser v. Arness,* 44 Wn.2d 358, 267 P.2d 691 (1954); *State ex rel. Miller v. Cain,* 40 Wn.2d 216, 242 P.2d 505 (1952).

We are in complete disagreement with appellants' second argument that the action of the Board of County Commissioners in rezoning the 23 acres from residence to business constituted spot zoning; and that it is in any event arbitrary and capricious. We find it difficult to envision the rezoning from residence to business of an undeveloped tract of 23 acres contiguous to a business zone as constituting "spot zoning."[1] It merely extended an existing business zone. See *Putney v. Township of Abington,* 176 Pa. Super. 463, 108 A.2d 134 (1954).

The trial court said, "I would have made the same judgment as the Board of County Commissioners"; and, we

---

[1]Anyone interested in our definition of, and views on, "spot zoning" will find them expressed in *Anderson v. Seattle,* 64 Wn.2d 198, 390 P.2d 994 (1964); *Pierce v. King Cy.,* 62 Wn.2d 324, 382 P.2d 628 (1963); and *State ex rel. Pruzan v. Redman,* 60 Wn.2d 521, 374 P.2d 1002 (1962). We point out in *State ex rel. Miller v. Cain,* 40 Wn.2d 216, 225, 242 P.2d 505 (1952), that "the courts have been careful not to lay down any hard and fast rule that all spot zoning is illegal," and cite numerous cases in support of that proposition.

would echo that statement. If however we were in disagreement with the board, we could not say that on the record made their decision was arbitrary and capricious.

■ The action of the board in passing the rezoning resolution was clearly legislative, and not subject to review unless arbitrary and capricious; and if not arbitrary and capricious, the courts will not interfere. *Lillions v. Gibbs*, 47 Wn.2d 629, 633-34, 289 P.2d 203 (1955). In that case we said:

> Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.
>
> . . . .
>
> Under the facts in this case, there was room for two opinions. This was shown by the testimony that there were those who favored and others who protested the adoption of the commission's recommendation. At the trial, the appellant had the burden of proof, and failed to establish that the board acted arbitrarily and capriciously, as above defined.

The final argument of the appellants is that the zoning authorities must find a public need for business zoning before the area can be rezoned from residential to business.

For this proposition, the appellants cite no statutory authority, and no text authority except two short excerpts from Corpus Juris Secundum[2] which read in their entirety do not establish that proof of public need is a prerequisite to a rezoning. The case authority cited is scant and not persuasive.

■ The Board of County Commissioners is not required to make a specific finding of "public need"; and the extent of the public need is material only in relation to a consideration of whether the board's action relates to the general

---

[2]101 C.J.S. *Zoning* § 85, 836.
   101 C.J.S. *Zoning* § 89; 840.

welfare and whether that action was arbitrary and capricious.

> The courts will not interfere with a zoning law . . . which is reasonable. Indeed, the courts will not interfere with a zoning measure or procedure unless it clearly and beyond dispute is *unreasonable, irrational, arbitrary, or discriminatory.* That is to say, courts will not disturb legislative or administrative action in zoning unless beyond doubt it is an abuse of discretion or an excessive use of power, or unless it has no relation to the evils to be remedied or to the public health, safety, morals, order, general welfare or other proper object of the police power. If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power.
> The rule against judicial interference with zoning unless it clearly is unreasonable or an abuse of discretion is applicable with respect to the necessity and extent of zoning or rezoning . . . [citing numerous cases from jurisdictions across the United States]. (Italics ours.) 8A McQuillin, Municipal Corporations § 25.279 (3d ed.).

In general accord with the above, we have held that in order to strike down a zoning ordinance it must appear that its provisions are arbitrary and unreasonable, having no substantial relation to public health, safety, morals or general welfare. *Hauser v. Arness,* 44 Wn.2d 358, 267 P.2d 691 (1954); *Chief Petroleum Corp. v. Walla Walla,* 10 Wn.2d 297, 116 P.2d 560 (1941). We have never indicated that there must be a showing of need in any sense other than the necessity of showing a relationship to the public welfare.

■ A more specific discussion of these questions is presented in an annotation in 76 A.L.R. 2d 1172-87, zoning regulations as to shopping centers. In considering the validity of zoning regulations in their application to shopping centers, the courts consider their reasonableness, since the police power does not extend to unreasonable or arbitrary action. When the question of reasonableness is a fairly debatable one, the legislative judgment of the

governmental authority should not be disturbed by the courts. On the record before us there is substantial evidence which justifies the action of the board.[3] (For citations and discussion of specific cases in this area, see the annotation to which we have referred).

We agree, too, with the trial court that "there was some competent proof of all the facts necessary to be proved"; that "the Board's action . . . was legislative action" and that "the Board's action was not arbitrary and capricious."

Finding no merit in the objections of the appellants to the judgment of the trial court, that judgment will be affirmed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

July 18, 1966. Petition for rehearing denied.

---

[3]The following is a statement by a member of the planning commission:

". . . there is a need in the growing north end of Seattle for a large shopping center, that this center be located at the intersection and .bounded by major and secondary arterials, that this is a logical expansion of the present B-1 zoning, it meets the criteria of the Comprehensive Plan, that the proper screening and traffic control should have no detrimental effect on the surrounding residences."