No. 12119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

STATE OF MONTANA, ex rel., JOSEPH GUTKOSKI,

Relator and Respondent,

-vs-

DON M. LANGHOR, JR., et. al.,

Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Berg, O'Connell, Angel and Andriolo, Bozeman,
Montana.
Ben E. Berg argued, Bozeman, Montana.
Holter and Heath, Bozeman, Montana.

For Respondent:

McKinley Anderson argued, Bozeman, Montana.

---

Submitted: May 16, 1972

Decided: NOV 10 1972

Filed: NOV 10 1972

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Harrison delivered the Opinion of the Court.

This is an appeal by the city commissioners of Bozeman, Montana, and other Bozeman city officials from a judgment granting a writ of prohibition on behalf of relator Joseph Gutkoski, a landowner in the city of Bozeman, arresting a zone change of certain property and awarding relator counsel fees.

The land involved is the east half of lots 8B and 8C of the Homesites Addition to the city of Bozeman. The two parcels of land are owned by Wayne Edsall. Gutkoski owns lot 8A in the same addition, which borders the Edsall property on the south. Edsall first purchased lot 8C and built his family home on the west half. He used the remaining 150 feet for his construction business. In 1967, Edsall purchased the east 150 feet of lot 8B from Richard Munger to expand his construction business. This was the ownership of the land at the time it was annexed by the city. At that time the property was zoned as residential. Adjacent to this land on the east and north is a large trailer court which is zoned as motor business.

The events leading to the issuance of the writ of prohibition began in November 1970, when Edsall requested the Bozeman City-County Planning Board to rezone the east half of lots 8B and 8C to motor business from residential classification. The board denied his request and the city commission followed the recommendation of the planning board. In early 1971, Edsall again approached the city commission with the same request. At this time the matter was referred to the City Board of Adjustment. This board held a hearing at which time the landowners in the area of the proposed zone change were allowed to present their protests. The Board of Adjustment recommended to the city commission that the land be rezoned to the "MB" (motor business) classification. Upon the

advice of the city attorney, the city commission passed a resolution of its intent to follow the Board of Adjustment's recommendation and gave notice of a public hearing on the question of rezoning. The city commission after the hearing adopted the zone change rezoning the east half of lots 8B and 8C to a motor business zone.

Suit to prohibit the enforcement of the change by Gutkoski was commenced on May 5, 1971, and the district court issued an alternative writ of prohibition on May 13, 1971. After a hearing, the district court declared that the action of the city commission was "spot zoning" and gave judgment in favor of Gutkoski, granting a writ of prohibition.

There are two issues presented by this appeal. We shall deal first with the question of whether the rezoning by the city commission was in fact "spot zoning" as found by the district court.

There are many definitions for the term "spot zoning", but the most general is as defined in Thomas v. Town of Bedford, 11 N.Y.2d 428, 230 N.Y.S.2d 684,688:

> "* * * spot zoning * * * is the 'process of singling out a small parcel of land for a use classification totally different from the surrounding area, for the benefit of the owner of such property and to the detriment of other owners.'"

In a review of the facts we do not find the Bozeman city commission was guilty of "spot zoning". The two lots after rezoning were not totally different from the rest of the area. To the north and east of these two pieces of land was a large trailer court, which had/been in existence for some time prior to rezoning action by the city commission. It is apparent that the commission was doing nothing more than extending a preexisting zone classification to include a larger area, which we conclude is not "spot zoning".

- 3 -

The case law in this area of the law supports this con-
clusion. The Supreme Court of Kansas in a suit where a city re-
zoned residential property to a use other than residential upheld
that city's action as not being "spot zoning", where the facts
showed that the property on three side of the rezoned property
was devoted to uses other than residential. Arkenberg v. City
of Topeka, 197 Kan. 731, 421 P.2d 213. The Supreme Court of
Washington in McNaughton v. Boeing, 68 Wash.2d 659, 414 P.2d 778,
780, reached the same conclusion declaring:

> "We find it difficult to envision the rezoning
> from residence to business of a undeveloped tract
> of 23 acres contiguous to a business zone as con-
> stituting 'spot zoning'. It merely extended an
> existing business zone."

Based on this reasoning, we find that the rezoning of the
two tracts of land by the city commission of Bozeman was an ex-
tension of the motor business zone and not "spot zoning".

The remaining issue raised by appellants is whether or not
it was proper for the district court to issue a writ of prohibi-
tion in this cause.

In view of our ruling that the district court was in error
in holding the rezoning to be "spot zoning", which will require a
reversal of the judgment, there would appear to be no necessity
to discuss the propriety of the district court's procedure.

The judgment is reversed and the district court is directed
to vacate and annul the same and dismiss the action.

-------------------------------------
                    Chief Justice

We Concur:

_John Conway Harrison_

_Gen B Daly_

_Mark J. Haswell_

_Wesley Castles_

Associate Justices.