[No. 48692–1.   En Banc.   April 21, 1983.]

SAVE OUR RURAL ENVIRONMENT, *Appellant,* v.
SNOHOMISH COUNTY, ET AL, *Respondents.*

*Smith, Brucker, Winn & Ehlert, Thomas H. S. Brucker,* and *Lynn D. Weir,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Edward E. Level, Deputy,* for respondent Snohomish County.

*Hillis, Phillips, Cairncross, Clark & Martin, P.S.,* by *Jerome L. Hillis* and *Richard R. Wilson,* for respondent Hewlett–Packard Company.

*Blair, Schaefer, Hutchinson, Wynne, Potter, Horton & Johnson,* by *Robert M. Schaefer,* for respondents Soper Hill Properties, et al.

DOLLIVER, J.—Plaintiff Save Our Rural Environment (Sore) is a Washington nonprofit corporation, organized to oppose the rezone of certain land in Snohomish County. Plaintiff appeals from a Snohomish County Superior Court

decision denying its petition for review of the amendment by the Snohomish County Council of its comprehensive plan and subsequent rezone of a parcel of land near Lake Stevens known as the "Soper Hill Site." Plaintiff Sore originally filed its appeal in Division One of the Court of Appeals. This court granted defendants' motion to transfer and accelerate review. We affirm the decision of the Snohomish County Superior Court.

On July 23, 1979, Snohomish County adopted the Snohomish/Lake Stevens Area Comprehensive Plan, as authorized by RCW 36.70.340. The Soper Hill site is included in the comprehensive plan area and was designated suburban residential in the comprehensive plan.

In August 1979, a representative of Hewlett–Packard Company wrote the Snohomish County Board of Commissioners proposing development of an electronics manufacturing facility on the Soper Hill site. The Hewlett–Packard representative suggested amending the Snohomish/Lake Stevens Area Comprehensive Plan to provide for a business park zone so as to enable construction of the electronics manufacturing facility on the Soper Hill site.

In April 1980, the Snohomish County Planning Department issued draft environmental impact statements for the proposed comprehensive plan amendment and for Hewlett–Packard's business park proposal. The county planning commission conducted public hearings on the proposal. After the hearings, a majority of the planning commission recommended against amendment of the comprehensive plan.

The Snohomish County Council then held its own hearings and rejected the planning commission's recommendation. In late December 1980, the county council formally enacted the comprehensive plan amendment. The council required, however, that any business park rezone applicant satisfy three conditions related to controlling drainage, buffering of agricultural lands, and resolving expected road and traffic problems in the area.

Following enactment of the comprehensive plan amendment, Hewlett–Packard filed a preliminary development plan and rezone application as required by Snohomish County Code 18.55.040. A county hearing examiner held public hearings on the preliminary development plan and rezone application in February and March 1981. On April 3, 1981, the hearing examiner issued his final report and recommendation on the Soper Hill rezone request. The hearing examiner concluded the rezone satisfied all requirements of the County's business park zone, the County road ordinance, and the council's three criteria established in the comprehensive plan amendment. On May 14, 1981, the Snohomish County Council unanimously adopted the Soper Hill rezone.

Sore challenged the comprehensive plan amendment and Soper Hill rezone by filing in King County Superior Court a petition for review of the Snohomish County Council decisions. The King County Superior Court determined the ends of justice would be better served by transferring the case to Snohomish County Superior Court and granted defendants' motion for change of venue. The Snohomish County Superior Court ruled in favor of defendants on all issues presented. We affirm.

At the outset, we consider plaintiff's argument the King County Superior Court improperly transferred venue of its action against Snohomish County to Snohomish County Superior Court. Plaintiff relies principally on *Briedablik, Big Vly., Lofall, Edgewater, Surfrest, N. End Comm'ty Ass'n v. Kitsap Cy.*, 33 Wn. App. 108, 652 P.2d 383 (1982), where the Court of Appeals ruled RCW 36.01.050 is not subject to the general change of venue statute, RCW 4.12-.030.

██ The controlling statutes are straightforward and unambiguous.

All actions against any county may be commenced in the superior court of such county, or of the adjoining county, and all actions by any county shall be commenced in the superior court of the county in which the

defendant resides, or in the county adjoining the county by which such action is commenced.

RCW 36.01.050. The pertinent portion of RCW 4.12.030 reads:

> The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:
>
> . . .
>
> (3) That the convenience of witnesses or the ends of justice would be forwarded by the change . . .

As observed by the dissent in *Briedablik*:

> The two statutes here involved could not be more clear or less ambiguous. One provides that a county "may" be sued in an adjoining county; and another provides that a party sued "may" move for a change of venue. That is precisely what happened here.

(Footnotes omitted.) *Briedablik, Big Vly., Lofall, Edgewater, Surfrest, N. End Comm'ty Ass'n v. Kitsap Cy., supra* at 120 (Andersen, C.J., dissenting).

On its face RCW 36.01.050 is subject to RCW 4.12.030. If the Legislature had something in mind other than the plain meaning of the words, it may, of course, enlighten the courts. Until then we hold that in actions by or against a county a trial court may continue to exercise its discretion under RCW 4.12.030. To the extent *Briedablik* is contrary to this view, it is overruled. In transferring this case to Snohomish County the King County Superior Court did not abuse its discretion. *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 380 P.2d 744 (1963).

This case is unique in that it involves neither a violation of the appearance of fairness doctrine (*e.g., Chrobuck v. Snohomish Cy.*, 78 Wn.2d 858, 480 P.2d 489 (1971); *Smith v. Skagit Cy.*, 75 Wn.2d 715, 453 P.2d 832 (1969)) nor a challenge to the adequacy of the environmental impact statements. Plaintiff contends, however, (1) the Soper Hill rezone constitutes illegal spot zoning; (2) no changed condition or need warranted an amendment to the comprehensive plan or the rezone for the Hewlett–Packard project; (3)

Snohomish County failed to consider alternative sites that are available for the Hewlett–Packard project; and (4) Snohomish County failed to properly disclose and mitigate the impact of its actions upon affected jurisdictions within Snohomish County.

I

■■ We first consider whether the Soper Hill rezone constitutes illegal spot zoning. Spot zoning has been consistently defined to be zoning action by which a smaller area is singled out of a larger area or district and specially zoned for a use classification totally different from and inconsistent with the classification of surrounding land, and not in accordance with the comprehensive plan. *E.g., Lutz v. Longview,* 83 Wn.2d 566, 573–74, 520 P.2d 1374 (1974); *Chrobuck v. Snohomish Cy.,* 78 Wn.2d at 872; *Smith v. Skagit Cy.,* 75 Wn.2d at 743–44. We first considered and condemned spot zoning in *State ex rel. Miller v. Cain,* 40 Wn.2d 216, 242 P.2d 505 (1952), although we warned in that case against laying down a hard and fast rule that all spot zoning is illegal. *State ex rel. Miller,* 40 Wn.2d at 225. *Accord, McNaughton v. Boeing,* 68 Wn.2d 659, 662 n.1, 414 P.2d 778 (1966); *Anderson v. Seattle,* 64 Wn.2d 198, 199, 390 P.2d 994 (1964). When faced with a challenge to a county's rezone action on the grounds the rezone constitutes an illegal spot zone, the main inquiry of the court is whether the zoning action bears a substantial relationship to the general welfare of the affected community. *See Parkridge v. Seattle,* 89 Wn.2d 454, 460, 573 P.2d 359 (1978). Only where the spot zone grants a discriminatory benefit to one or a group of owners to the detriment of their neighbors or the community at large without adequate public advantage or justification will the county's rezone be overturned. *See Anderson v. Island Cy.,* 81 Wn.2d 312, 325, 501 P.2d 594 (1972).

We are convinced the Soper Hill rezone bears a substantial relationship to the general welfare of Snohomish County. The County's business park zoning classification

provides a flexible means to broaden the industrial base of the region and to produce energy and travel time savings for employees. There is no question as to the careful and comprehensive nature of the deliberations in the enactment of the amendment to the comprehensive plan and the rezone. After examining the voluminous record in the present case, we conclude it demonstrates the Soper Hill rezone will operate to benefit the general welfare and that it is in conformance with the Snohomish/Lake Stevens Area Comprehensive Plan. Consequently, we reject plaintiff's contention the Soper Hill rezone constitutes an illegal spot zone.

We are aware of the growing disenchantment with traditional "Euclidean" zoning philosophy and practices under which a municipality is divided into different types of zoning districts, each of which is assigned particular uses. *See, e.g.,* 1 P. Rohan, *Zoning and Land Use Controls* § 1.01 (1982); L. Kendig, *Performance Zoning* 3 (1980). The purpose of traditional zoning is to protect the public health, safety, and welfare and to minimize conflicts between incompatible uses. *See generally Euclid v. Ambler Realty Co.,* 272 U.S. 365, 71 L. Ed. 303, 47 S. Ct. 114, 54 A.L.R. 1016 (1926). Traditional zoning concepts, however, generally do not meet the community's present and future land use needs for water and sewage, roads and community services, and fail to protect the environment. Modern land use controls such as Snohomish County's business park zone ordinance are an attempt to anticipate changing patterns of land development and to overcome the inadequacies and inflexibility of orthodox zoning regulations.

Plaintiff's contention this case is factually indistinguishable from *Smith v. Skagit Cy., supra,* and *Chrobuck v. Snohomish Cy., supra,* is without merit. In both *Smith* and *Chrobuck* the use proposed was heavy industrial—an aluminum processing plant in *Smith* and an oil refinery in *Chrobuck*—both of which were incompatible with surrounding residential areas. Here we have a light manufacturing facility to be located in an industrial park designed

to be compatible with the residential nature of the surrounding area. Neither of the sites in *Smith* or *Chrobuck* had utilities, adequate roads, or even existing roads which could be upgraded, nor was there a natural separation of the property from the surrounding area. None of these deficiencies are found in this case.

## II

There is substantial evidence of changed circumstances in the record. In its resolution adopting the amendment to the Snohomish/Lake Stevens Area Comprehensive Plan, the county council stated:

22. The Snohomish/Lake Stevens Area Comprehensive Plan anticipated that conditions would change and that the Plan would be amended. Overlooked or not considered in the original plan was the need for land to provide a more diversified industrial base through business park development and assuring a balancing of industrial development and adjacent land uses through the use of business park and master plan procedures. Under the facts presented adoption of the proposed amendment is appropriate. Disturbance of the integrity of a comprehensive plan is not taken lightly by the council, but under the circumstances here the amendment is appropriate.

We concur, moreover, with the conclusion made by the hearing examiner as to the applicability of *Parkridge v. Seattle,* 89 Wn.2d 454, 573 P.2d 359 (1978):

5. The suggestion that the instant rezone may not be approved without substantial findings of changed circumstances does not seem applicable to the instant case. The action requested herein is a rezone which would implement an adopted comprehensive plan of Snohomish County. If such implementation were not allowed to occur until physical or developmental circumstances in the area had changed, the new comprehensive plan might never be fulfilled: if an area is presently undeveloped and a newly amended comprehensive plan calls for industrial development, no industrial development may occur until at least one industrial rezone has been granted. If that rezone cannot itself occur because land development patterns have not changed in the area, then the industrial

development will most likely never have an opportunity to occur. The Examiner does not believe that such a set of circumstances was desired or envisioned by the supreme court in the *Parkridge v. Seattle* and *Hayden v. Port Townsend* [93 Wn.2d 870, 613 P.2d 1164 (1980)] cases cited by the opponents. With respect to the minor size differential (the comprehensive plan speaks of a 125 acre BP site whereas the instant rezone involves 133.4 acres), the Examiner can only note with approval what the supreme court said in *Buell v. City of Bremerton* [80 Wn.2d 518, 495 P.2d 1358 (1972)]: "Deviation from a comprehensive plan by increasing the area in which particular use is permitted is not automatically spot zoning. Each case must be decided on its own facts. A comprehensive plan is a blueprint which suggests various regulatory measures." [80 Wn.2d at 526.]

### III

■ The contention by plaintiff that if there were alternate sites the hearing examiner was required to deny the rezone misconstrues the State Environmental Policy Act of 1971 (SEPA). RCW 43.21C. While alternatives must be in the environmental impact statement, RCW 43.21C-.030(2)(c)(iii), to require disapproval of the Soper Hill site if alternatives existed goes beyond the scope of SEPA. SEPA is essentially a procedural statute to ensure that environmental impacts and alternatives are properly considered by the decision makers. *See Cheney v. Mountlake Terrace,* 87 Wn.2d 338, 552 P.2d 184 (1976). It was not designed to usurp local decisionmaking or to dictate a particular substantive result. *Norway Hill Preserv. & Protec. Ass'n v. King Cy. Coun.,* 87 Wn.2d 267, 272, 552 P.2d 674 (1976).

The requirement of SEPA that alternatives be considered was met. Five alternatives were discussed in the draft environmental impact statement. Plaintiff claims the hearing examiner's conclusion he had no role in examining the alternatives is based on conclusion 9 in the examiner's decision. As can be seen, this contention is a complete misreading of the hearing examiner's conclusion:

9. The site selection process which led the applicant to

the choice of the subject property and consideration of any alternatives to the subject property is irrelevant and immaterial to a rezone action. Discussion of alternatives is clearly required in EIS's. However, to suggest as have the opponents, that the instant rezone cannot be approved if any alternative site exists within the county, suggests that no commercial, industrial or residential rezone may occur if any undeveloped land within that category exists within the county. Such a suggestion is unreasonable on its face.

## IV

■ Finally, the record indicates Snohomish County fully complied with the requirements of *Save a Valuable Env't v. Bothell,* 89 Wn.2d 862, 576 P.2d 401 (1978) to consider the effects of its land use decisions on the entire affected community. All neighboring jurisdictions were consulted; all those which responded supported the proposal for a business park at the Soper Hill site. Furthermore, the Snohomish County Council properly considered and acted to mitigate the effects of its land use decisions on the entire affected area. *Cf. Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.,* 96 Wn.2d 201, 209–11, 634 P.2d 853 (1981) (local governmental body must consider and act to mitigate adverse impacts). The County took traffic counts, quantified and disclosed levels of traffic service, numbers of accidents, projected population increases, and effects on public services for the entire affected area. As a result of its determinations, the Snohomish County Council imposed conditions that the rezone applicant must satisfy, all directed to mitigate the projected environmental impacts on the affected area. The County also obtained commitments from the State of Washington for road improvements to state facilities in the area. Only after rezone conditions were met and the State commitment to improve highways in the area was secured did the County allow the project to proceed.

All procedures were carefully followed and all requirements have been met by Snohomish County. The rezone of the Soper Hill site is valid.

Affirmed.

WILLIAMS, C.J., STAFFORD, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.