**STATE ex rel. PLEASANT et al. v. HARDY, Mayor, et al.\***

**No. 4888.**

Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

Ruffin G. Pleasant and M. C. Trichel, both of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, E. S. Klein, and Robt. G. Chandler, all of Shreveport, for appellees.

DREW, Judge.

Under Ordinance No. 100 of 1925 of the city of Shreveport, known as the "Zoning Ordinance," all business and commercial undertakings are excluded from practically all of the Howard Cole subdivision of the city of Shreveport, including lots 6 and 7 of block 4 of said subdivision, which lots are owned by Mrs. Bula Dickson, and also the property in said subdivision owned by plaintiffs.

In 1926, Resolution No. 173 of the city of Shreveport was passed by the city council:

"Be it resolved by the City Council of the City of Shreveport in regular session convened, That from and after this date no petition or application will be considered by the City Council for amending the Zoning Ordinance, or changing its provisions in regard to classification or use of property, unless the application therefor shall have been duly advertised for 30 days at the expense of applicant, in the official journal of the City of Shreveport, giving the public notice of the nature of the change desired in the use of the property to be affected thereby so that the public may have ample opportunity to file protest against the same, likewise have due notice of the proposed change."

In 1931, Ordinance No. 21, reading as follows, was passed:

"To amend the Zoning Ordinance, being No. 100 of 1925, and repeal all the amendments in conflict therewith.

"Be it ordained by the City Council of the City of Shreveport that Ordinance No. 100

---

*Rehearing denied Dec. 5, 1934.

of 1925, being Zoning Ordinance, be amended by adding the following provisions:

"Section 1. Be it ordained by the City Council of the City of Shreveport in regular session convened, That hereafter no petition or application will be considered by the City Council for amending the zoning ordinance No. 100 of 1925 or changing its provisions in regard to classification or use of property, unless the application therefor shall have been approved as complying with this ordinance, by the City Council and afterwards duly advertised for 30 days at the expense of the applicant in the official journal of the City of Shreveport giving the public notice of the nature of the change desired in the use of the property to be affected thereby, so that the public may have ample opportunity to file protest against the same.

"Section 2. Be it further ordained, etc., That no amendment to Zoning Ordinance No. 100 of 1925 for the purpose of changing its provisions in regard to the classification or use of property will be considered by the Council except twice a year, to-wit: At the second regular meeting of the Council in the month of January, and the second regular meeting thereof in the month of July each year.

"Section 3. Be it further ordained, etc., That hereafter before the City Council shall receive and order advertised any petition requesting an amendment to the zoning ordinance No. 100 of 1925 by transferring property from any Class Use to another Class Use said petition shall be accompanied by and have annexed thereto the petition or written approval of the bona fide owners of at least sixty per cent. of the total area of lots or lands within a radius of 300 feet of the property sought to be transferred to another Use Zone and the owner or owners of property or properties sought to be transferred to another use shall not be included in said sixty per centum of the property owners whose approval shall be required as above set forth.

"Section 4. Be it further ordained, etc., That when any petition for changing the Class Use of any property shall have been rejected by the Council, it shall not receive or consider such petition or a similar one for a similar change in the Class Use of the same property until after the lapse of 12 months from the date it was rejected by the City Council.

"Section 5. Be it further ordained, etc., That all ordinances and resolutions in conflict herewith are hereby repealed and particularly Ordinance No. 130 of 1923, Resolution No. 173 of 1926, and Resolution No. 171 of 1927.

"Section 6. Be it further ordained, etc., That this ordinance shall go into effect on June 1st, 1921."

In 1932, Ordinance No. 9, reading as follows, was passed:

"An Ordinance amending Zoning Ordinance No. 100 of 1925, and Ordinance No. 21 of 1931.

"Be it ordained by the city council of the City of Shreveport in legal session convened, That Zoning Ordinance No. 100 of 1925 and Ordinance No. 21 of 1931 be amended by adding the following requirements to the method of submitting petitions to the City Council for changing property from one Use Zone to another Use Zone:

"First; the date that each signature was placed on such petition must be shown thereon.

"Second; a signature placed on any petition more than 90 days prior to the presentation of said petition to the City Council for the purpose of advertising same will not be considered in the calculations as approving said change.

"Third, any petition for rezoning, after having been checked and found to contain the necessary percentage, and after having been presented to the Council or Secretary-Treasurer for advertising purposes, shall be a part of the records of the City Council and shall not be withdrawn from said records."

On June 15, 1933, Mrs. Bula Dickson submitted the following petition to the mayor and city council of Shreveport:

"To His Honor the Mayor, and Commissioners of the City of Shreveport:

"I, the undersigned owner of Lots 6 and 7, Block 4, Howard Cole Subdivision, located on Highland Avenue, City of Shreveport, do hereby petition your honorable body to change the classification of the above described property from 'B' residential, to 'D' commercial.

"Bula D. Dickson.

"We, the undersigned owners of property located within a radius of 300 feet of the above described property are agreeable to the change of classification from 'B' residential to 'D' commercial.

"We join the petitioner in representing that such zoning will be an asset and convenience to the neighborhood and section giving to us the same conveniences and privileges as have been granted to other residential districts.

"We maintain and call to your attention that for a block north and a block south of the corner sought to be zoned on Highland Avenue, with a very few exceptions, every

house is and has been income property for a number of years. The houses are apartments, rooming-houses, boarding-houses, rent houses, and a private school, and in no sense is this a 'restricted residential neighborhood', as interpreted in zoning laws.

"Molly M. Lowenthal, Est.
"By Ben A. Phelps, Ex.
"Paul I. Abramson
"J. T. Thompkins
"The Estate Corporation
"By H. T. Dimick, Pres.
"Mrs. John McCullough
"Theo Nick
"Shreveport Mutual Bldg. & Loan Association
"By Phillip Lieber, Pres.
"W. B. Noel
"Noel Estate, Inc.,
"By W. B. Noel, Jr.

J. A. Sewall, Jr.
Elias Renov
Gordon Irons
Mrs. Louise Rowland
Mrs. J. E. Henderson
Home Building & Loan Association,
By A. L. Wedgeworth, Secretary
Mrs. Julia C. Parsons
Luther White
W. E. Connell
Commercial National Bank,
By J. G. O'Brien, Vice-Pres."

The ordinance amending the zoning ordinance was prepared, in accordance with the request in said petition, and said ordinance passed first reading and was ready for final action thereon by the council of the city of Shreveport, when Ruffin G. Pleasant, Walter E. Connell, and Mrs. Lillian Hall Trichel filed the present suit alleging they were residents of the city of Shreveport and owned property in the said Howard Cole subdivision of the city of Shreveport which property was situated within 300 feet of lots 6 and 7, block 4, of said subdivision owned by Mrs. Dickson; that the majority of the property owners within a radius of 300 feet of said lots 6 and 7, block 4, are desirous of maintaining said exclusive residential section and are opposed to the amendment requested in the petition submitted to the council by Mrs. Dickson. Petitioners further set out that the petition submitted by Mrs. Dickson did not contain the free and voluntary signatures of the bona fide owners of as much as 60 per cent. of the property within a radius of 300 feet of lots 6 and 7, block 4, of said subdivision, inasmuch as some of the signatures appearing on said petition were made by persons not authorized to sign the same and others were obtained by misrepresentation and affixed through mistake. They alleged the following signatures were not freely and voluntarily given: The liquidators, Commercial National Bank in Shreveport; Mr. and Mrs. Luther White, J. G. O'Brien, John A. Sewall, Jr., Walter E. Connell, and Mrs. Louise T. Rowland; and set out the reason each signature above enunciated was not freely and voluntarily given, and, in support thereof, attached affidavits from each of the above named persons to show that they signed through misunderstanding and desired their names stricken from the petition. They further alleged the petition was invalid in that it failed to give the dates on which the signatures were affixed, as required by Ordinance No. 9 of 1932.

They further alleged that, although often requested, the city authorities have refused and failed to dismiss the said petition, or to allow the withdrawal of names signed in error and under misrepresentations of fact, but on the contrary is on the verge of honoring said petition by passing on final reading an ordinance zoning said property for commercial use, to the irreparable damage and injury of relators.

They further alleged that said proposed ordinance is violative of section 29, art. 14, of the Constitution of the state of Louisiana, for the reason that the ordinance will not create a real commercial use, zone, or district as contemplated by the said Constitution, but will merely illegally permit the establishment of one or two places of business in a large restricted district already created by Ordinance No. 100 of the city of Shreveport adopted in the year 1925; and, further, that the refusal of the commission council to observe and respect their wishes and the rights of all those who now desire to withdraw from the petition, coupled with the proposed zoning ordinance which has now passed first reading and is pending final reading, will cause them irreparable damage by reducing the value of their homes and properties and despoiling the neighborhood in which they live, and that a rule should issue requiring the said mayor and commissioners to show cause why the names listed should not be stricken from the petition and the petition dismissed, and that a similar rule should issue to the said Bula Dickson requiring her to show like cause, if any she has, and that a temporary restraining order should issue enjoining the said mayor and said commissioners as well as the said Bula Dickson from proceeding further with said petition and ordinance until the said rule shall have been heard and determined by this honorable court. Wherefore, petitioners prayed that a rule do issue directed to Mayor George W. Hardy, Jr., Commissioners John McW. Ford,

C. B. Dickson, T. C. Dawkins, Charles D. Evans, and likewise to the said Mrs. Bula Dickson, directing them one and all to show cause, if any they had, on a day to be named by the court, why the names above mentioned should not be stricken from the said petition for zoning lots 6 and 7, block 4, of the Howard Cole subdivision for commercial use, and why any other signers of said petition who may so desire may not likewise withdraw therefrom and the petition dismissed; and further that a temporary restraining order issue enjoining said parties from further proceeding under the said zoning petition or further proceeding to the passage of said ordinance until this cause shall have been heard and finally determined, and that after due and legal hearing of all parties, the court shall order the said names stricken from the said zoning petition and the zoning petition and proceedings thereunder dismissed.

The lower court ordered that rule issue directing the mayor and each member of the city council, and Mrs. Bula Dickson, to show cause why the names of Mr. and Mrs. Luther White, J. G. O'Brien, John A. Sewall, Jr., Walter E. Connell, Mrs. Louise T. Rowland, the liquidators, Commercial National Bank in Shreveport, and any other signers of the petition submitted who might wish to withdraw, may not be stricken from the petition for zoning for commercial use lots 6 and 7, block 4, of the Howard Cole subdivision; and why the petition submitted for that purpose by Mrs. Dickson should not be dismissed.

It was further ordered that, upon petitioners furnishing bond in the sum of $250, a temporary restraining order issue from the court restraining any further action under said petition for zoning until this cause had been duly heard and determined. The bond for the restraining order was never given and the restraining order never issued.

Mrs. Dickson excepted to the petition for the alleged reason that the court was without jurisdiction ratione materiæ and, in the alternative, that the suit was premature; and in the further alternative that the petition discloses no cause or right of action.

The mayor and all members of the city council answered plaintiffs' petition. The pertinent parts of said answer are set out in articles 18, 19, 20, 21, 22, 23, and the prayer of the answer:

"Further answering your respondents show that the power of the City Council of the City of Shreveport to legislate (within the limits prescribed by the Constitution and statutes of the State of Louisiana), is inalienable and cannot be delegated, circumscribed, or taken away by any action of the Council itself; that consequently the City Council of the City of Shreveport is acting within its powers and within its rights in the enactment of any valid amendment to any valid ordinance of said City.

Respondents further show that there are two (2) methods existing under the ordinances of the City of Shreveport and the laws of the State of Louisiana whereby amendments may be adopted to the provisions of Ordinance No. 100 of 1925, as follows:

"A. The City Council of the City of Shreveport may proceed on its own motion, without petition and without any prerequisite formalities, to adopt amendments to said ordinance.

"B. Proceedings leading to the amendment of said ordinance may be instituted by property owners interested therein by presenting a petition for that purpose under the terms and conditions, and clothed with the formalities, prescribed by the ordinances of the City of Shreveport covering that subject. That after all prerequisite formalities have been complied with, the said City Council may or may not, in its discretion amend said Ordinance No. 100 of 1925.

"That the amendment to Ordinance No. 100 of 1925, the enactment of which is sought to be enjoined by plaintiffs in rule in this proceeding, was instituted and inaugurated by Mrs. Bula Dickson under proceedings similar to those described in Paragraph 'B' of the preceding article.

"Respondents show that since the proposed amendment to Ordinance No. 100 of 1925 was instituted by a property owner interested in said amendment, that it is their intention and desire to proceed with the consideration of said amendment only in event that the prerequisite petition and formalities provided for by the ordinances of the City of Shreveport, have been complied with, and in event said petition is a legal and valid petition.

"That your respondents have heretofore requested and obtained an opinion from the attorney for the City of Shreveport with reference to whether or not the petition of Mrs. Bula Dickson for zoning is a legal and valid petition, and said attorney's opinion was that said petition is legal and valid.

"Your respondents show that in event this Honorable Court should be of the opinion that said petition for zoning and the formalities incident thereto, are legal and valid, that it is their intention to proceed with further consideration of said amendment to Ordinance No. 100 of 1925; on the contrary your

respondents show that in event this Honorable Court should be of the opinion that said petition is not legal and valid, that it is their intention not to proceed further with the proposed amendment requested by said petition.

"Wherefore, respondents submit this matter to this Honorable Court for a proper adjudication in the premises. Respondents further pray for costs and for general and equitable relief."

Several days later, they filed an exception of no cause of action. The lower court sustained the exception of no cause of action and dismissed plaintiffs' suit. They have appealed from that judgment.

Articles 18 and 19 of the answer correctly set out the powers and rights of the city council and are a correct basis upon which to sustain an exception of no cause of action. However, the remaining quoted part of the answer is nothing more than an attempt to pass to the courts a function which belongs in its entirety to the mayor and city council.

Ordinance No. 100 of 1925 can be repealed or amended by the city council whenever in its wisdom it may deem it necessary. It cannot delegate that right to any one else. It therefore follows that the city council of the city of Shreveport can amend the ordinance to comply with the request in the petition submitted by Mrs. Dickson whether or not there was a petition signed by 60 per cent. of the property owners in a radius of 300 feet of the property owned by Mrs. Dickson, or if there had been no petition at all. It likewise can refuse to amend the ordinance if every property owner in the subdivision should sign the petition.

The only purpose of Resolution No. 173 of 1926, Ordinance 21 of 1931, and Ordinance 9 of 1932, was to provide information to the mayor and city council as to the wishes of the people on different changes to be made in the zoning and to prevent harassment of the council by individuals who might want the zoning of his or her property changed from residential to commercial. It in no way could have a binding effect on the council. It provides for a procedure which is intended to give the council concrete information as to the wishes of the people of the different communities or sections of the city on the matter of zoning property in their respective sections of the city.

This government is divided into three separate and distinct departments, executive, judicial, and legislative. The judicial department cannot interfere with the legislative functions of a legislative body, whether it be municipal or state. The only function that the courts can exercise is to pass upon the constitutionality of a legislative act after its passage. Courts have no right or authority to intervene or interfere with the work of the lawmaker and during the process of legislation in any mode the work of the lawmaker is not subject to judicial arrest or control, nor open to judicial inquiry.

Should the court, taking the allegations of the petition as true, order the above written names stricken from the petition filed with the city council by Mrs. Dickson, it would be a decree without any effect whatever in law, as the council could then amend the ordinance of its own motion and, for this reason and the further reason that the court is without authority to interfere or impede any legislative act of the council, we are convinced the petition has failed to set out a cause of action.

This court cannot and will not be an adviser to the city council as to what ordinance it will amend, repeal, or enact; that function belongs alone to the mayor and councilmen, the responsibility of which they will have to assume.

The lower court correctly sustained the exception of no cause of action and the judgment is affirmed, with costs.