[No. 35500. *En Banc.* May 18, 1961.]

THE STATE OF WASHINGTON, *on the Relation of Harvey D. Gunning, et al., Respondents,* v. HOWARD ODELL *et al., Appellants.**

*Charles O. Carroll* and *Derrill T. Bastian,* for appellants.

*Cook, Flanagan & Berst* and *George S. Cook,* for respondents.

*Reported in 362 P. (2d) 254.

HUNTER, J.—This is an appeal from a judgment setting aside an attempt by the Board of County Commissioners and the Planning Commission for King County to rezone a forty-acre tract in King County, Washington, from one residential use classification to another, and restraining the board of county commissioners and the planning commission from taking any further action to rezone this property to other than a particular classification, subject to certain conditions.

The record is extensive, but our reference thereto may be brief in view of our disposition of the case.

In a regular session held on February 26, 1959 and after a hearing on the matter preceded by due notice, the board of county commissioners on motion sustained the action of the planning commission in recommending the above tract of land be rezoned from one classification to another, both of which would restrict the property to residential use. Pursuant to this action, the board of county commissioners thereupon ordered an appropriate resolution be drawn and submitted by the planning commission.

On March 13, 1959, owners of land bordering this forty-acre tract on the north, west, and south petitioned for and obtained from the superior court for King County an order to review by certiorari the proceedings of the board of county commissioners and the planning commission relative to the attempt to rezone these forty acres, and to restrain them from taking any further action to rezone this property.

In a regular session held on March 16, 1959, the board of county commissioners deferred action on the proposed resolution to rezone this property due to the pending litigation.

In November, 1959, the court entered a judgment setting aside the attempt to rezone the forty-acre tract and restraining the board of county commissioners and the planning commission from taking any further action to rezone the property in question to other than a particular classification, subject to certain conditions. From this judgment the board of county commissioners and the planning commission appeal.

 ·We are of the opinion that the trial court erroneously granted the writ of certiorari because there was nothing before it to review. Although this issue was not raised by any of the parties to the action, we may consider it on appeal upon our own volition since it concerns the trial court's jurisdiction. *Seattle Nat. Bank v. Trefethen,* 168 Wash. 173, 11 P. (2d) 244 (1932); *Washington Beauty College v. Huse,* 195 Wash. 160, 80 P. (2d) 403 (1938).

Assuming that action by a board of county commissioners rezoning property is reviewable by certiorari upon a petition by persons beneficially interested, the writ should not have been issued in the instant case. Nothing was done which changed the zoning classification of this forty-acre tract. A change in the zoning classification of this land can be accomplished only by resolution entered by the King County Board of County Commissioners. RCW 35.63.080. No such resolution has been enacted. There is only a minute entry in the records of the proceedings of the board of county commissioners, for the meeting held on February 26, 1959, which states that the board sustained the action of the planning commission in recommending the adoption of a resolution rezoning the forty-acre tract from one residential use classification to another, and that the board ordered such a resolution be drawn and submitted by the planning commission. This action neither changed nor bound the board of county commissioners to change the zoning classification of this land to that recommended by the planning commission. Thereafter, the board of county commissioners was at liberty to refuse to sign and enter the resolution requested by it. Since no action had taken place which changed the zoning classification of this land, there was nothing for the trial court to review and the writ was issued prematurely. *Cf. State ex rel. Shattuck v. French,* 82 Wash. 330, 144 Pac. 28 (1914); *State ex rel. Cheson v. Superior Court,* 22 Wn. (2d) 947, 157 P. (2d) 991 (1945); *State ex rel. Thomas v. Lawler,* 23 Wn. (2d) 87, 159 P. (2d) 622 (1945); *State ex rel. Melville v. Turner,* 37 Wn. (2d) 171, 222 P. (2d) 660 (1950); *First Nat. Bank of Everett v. Tiffany,* 38 Wn. (2d) 832, 232 P. (2d) 839 (1951); *In re*

*Jones,* 39 Wn. (2d) 956, 239 P. (2d) 856 (1952); *State ex rel. McKay v. Superior Court,* 45 Wn. (2d) 658, 277 P. (2d) 366 (1954). See *Wiles v. Department of Labor & Industries,* 34 Wn. (2d) 714, 209 P. (2d) 462 (1949).

The appellants contend the trial court erred in entering the injunction restraining them from taking any further action to rezone this property to other than a particular residential classification, subject to certain conditions. We agree.

█ When acting pursuant to our zoning statute, RCW chapter 35.63, a board of county commissioners is performing a legislative function. We stated in *Lillions v Gibbs,* 47 Wn. (2d) 629, 289 P. (2d) 203 (1955), that

". . . When a board of county commissioners acts pursuant to a statute relating to zoning, it is a legislative body exercising legislative powers. . . ."

The investigatory and advisory role of this legislative function is performed for the board by a planning commission. See *Lauterbach v. Centralia,* 49 Wn. (2d) 550, 304 P. (2d) 656 (1956).

█ The right of a legislative body to exercise its legislative powers will not be invaded by the judicial branch of government. The separation of powers doctrine is so fundamental that it needs no discussion. See *Household Finance Corp. v. State,* 40 Wn. (2d) 451, 244 P. (2d) 260 (1952). In *Vincent v. Seattle,* 115 Wash. 475, 197 Pac. 618 (1921), we recognized the doctrine as applied to interference by the courts with the legislative acts of a city council. In that case we held the proposed action of the city council was judicial in its nature rather than legislative, and stated

". . . Therefore the *rule which we have so often recognized that the courts will not enjoin proposed legislative action* does not apply here." (Italics ours.)

For other jurisdictions, see *State ex rel. Pleasant v. Hardy,* 157 So. 130 (La. App. 1934); *Bethany v. District Court of Oklahoma County,* 200 Okla. 49, 191 P. (2d) 187 (1948). See, also, Annot., 140 A. L. R. 439 (1942). We said in *State ex rel. Johnston v. Melton,* 192 Wash. 379, 73 P. (2d) 1334

(1937), citing *In re Bruen*, 102 Wash. 472, 172 Pac. 1152 (1918), "that the courts have ever been alert and resolute to keep the legislative, executive, and judicial functions carefully separated, and that to this is due the steady equilibrium of our governmental system; . . ."

We have not overlooked that under certain circumstances an exception to the general rule prevails whereby courts of equity may enjoin legislative action of municipal bodies when the action would cause immediate and irreparable harm for which no other adequate remedy is available. Annot., 140 A. L. R. 439 (1942). There is nothing in the record to justify the application of the exception in the instant case. On the contrary, the facts disclosed by the record indicate the remedies available after the resolution is passed, if that becomes the case, are sufficient. For a discussion of these remedies, see 35 Wash. L. Rev. 534 at 556 (1960).

The trial court erred in entering the injunction restraining the appellants from taking any further action to rezone the subject property to other than a particular classification.

The judgment is reversed and the case is remanded with directions to dissolve the injunction and dismiss the proceedings.

The appellants will be allowed their costs on this appeal.

FINLEY, C. J., MALLERY, DONWORTH, WEAVER, ROSELLINI, OTT, and FOSTER, JJ., concur.

HILL, J., did not participate.

———

July 3, 1961. Petition for rehearing denied.