[No. 38117. Department Two. November 17, 1966.]

ROBERT E. BISHOP et al., Respondents, v. THE TOWN OF HOUGHTON, Appellant, YARROW FIRST ASSOCIATES, Intervenor-appellant.*

*Reported in 420 P.2d 368.

*Coulter & Lee* (*C. Lee Coulter,* of counsel), for appellant.
*Vance, Davies, Roberts & Bettis,* for intervenor-appellant.
*Hullin, Ehrlichman, Carroll & Roberts,* for respondents.

HAMILTON, J.—At the instance of respondents, property owners in the city of Bellevue and the town of Clyde Hill, the trial court declared certain high density zoning of an adjacent area of the town of Houghton to be void and of no effect. Yarrow First Associates, owner of the property in question and intervenor in this action, and the town of Houghton appeal. We reverse the action of the trial court.

The chronology of pertinent events giving rise to this action is as follows: In 1959-60, the town of Houghton pursuant to and in conformity with statutory authority (RCW 35.63) considered and adopted a comprehensive plan and implementing zoning ordinance. Under the plan and ordinance a sizeable area in the southwesterly portion of the town of Houghton was zoned as R-2, which permits high-rise multiple family residential construction. At about the same time, the property lying to the south immediately across the boundary of the town of Houghton and in the city of Bellevue and the town of Clyde Hill was being

platted, zoned, and developed as a prime urban residential area with construction limited to single family homes which, because of a rise in elevation, would have a view looking north and west over portions of Lake Washington. At this time, no voice was raised in protest concerning the R-2 zoning in the town of Houghton.

During and following this period, discussion and planning was in progress relative to the establishment of the Evergreen Point bridge across Lake Washington and vehicular access thereto. Between 1960 and 1963 this planning culminated in the location of the bridge and the construction of an east-west limited access highway in such a fashion as to cut off and isolate from the town of Houghton a portion of the area which had been zoned as R-2. This severed area, as revealed on a map in evidence, scales approximately 2,200 feet in length, and ranges from 20 to 150 feet in depth. It is bordered on the north by the elevated grade of the limited access highway and on the south by the severed portion of a street known as Points Drive which also constitutes the southern boundary of the town of Houghton. The only access to the area is over the streets of the city of Bellevue and the town of Clyde Hill through the residential area developed and occupied by respondents. For a better understanding of the situation, we incorporate at this point an illustrative sketch taken from our decision in *Yarrow First Associates v. Town of Clyde Hill*, 66 Wn.2d 371, 403 P.2d 49 (1965). The property here in issue is a portion of the west half of the dotted area lying immediately north of Points Drive, and embraces an area of about 80,000 square feet.

As construction of the highway progressed, appellant-intervenor noted the pertinent area and its R-2 zoning classification, contemplated the construction of a high-rise apartment building, and during 1962 acquired an option on the property. After verifying the zoning classification with appropriate officials of the town of Houghton, obtaining soil tests, investigating utility services, and consulting an architect and builder, appellant-intervenor, between April and July, 1963, exercised the option and purchased the property

Houghton City Limits

N

P.S.H. No. 1 Limited Access

Points Drive

N.E. 34th St.

96 Ave. N.E.

98 Ave. N.E.

103rd PL N.E.

103rd AVE. N.E.

Clyde Hill City Limits

Bellevue City Limits

⬚⬚⬚ Yarrow Property

for a substantial sum. Thereafter, appellant-intervenor secured preliminary sketches of the proposed high-rise apartment building and, on August 16, 1963, filed application with the building department of the town of Houghton for a building permit predicated upon the preliminary drawings. Upon payment of a $1,300 fee, appellant-intervenor was issued a building permit conditioned upon final plans and specifications being in accordance with the requirements of the Uniform Building Code of the town of Houghton.

In the meantime, respondents became aware of appellant-intervenor's plans for utilizing the property. After unsuccessful efforts to discourage appellant-intervenor, respondents, on October 29, 1963, addressed a letter to the City Council of the town of Houghton requesting that the comprehensive zoning plan be amended and the area in question be rezoned from R-2 to R-1 single family residence zoning.

This application was referred to the Planning Commission of the town of Houghton and a public hearing was scheduled for January 6, 1964, notice of which was published on December 12, 1963. Before the scheduled hearing and on December 24, 1963, respondents commenced this action praying that the court declare the pertinent R-2 zoning classification void upon the grounds that conditions had so changed since the 1960 enactment of the zoning ordinance as to render it unreasonable and arbitrary when applied to appellant-intervenor's property. An ex parte order directing the town of Houghton to maintain the status quo was issued, which was subsequently modified to permit processing of respondents' petition before the planning commission and the city council.

On January 6, 1964, respondents' request came on for hearing before the planning commission. At this hearing, testimony and evidence in favor of and in opposition to the request were presented and debated. Thereafter, and on February 17, 1964, the planning commission denied respondents' petition, stating its reasons as follows:

Denial of requested rezone is recommended because:

1. This parcel of land is not suitable as R-1 Single Family Residential property for the following reasons:
a) the terrain is not conducive to single family residences
b) the land is situated below the grade of the highway
c) it is questionable whether the land could be practically platted and developed as R-1 property without producing an undesirable residential neighborhood.
2. In oral debate both the petitioner and the land owner made the point that regardless of the PC's action on this matter a rezoning would not effect existing application for a building permit. In view of this, it was felt it is not in the interest of the City of Houghton to create long-range non-conforming uses.

Following this decision of the planning commission, a hearing was held before the Houghton City Council on March 9, 1964. Again respondents' proposal was debated, and thereafter, on March 23, 1964, the city council affirmed the recommendation of the planning commission.

Trial of this action commenced in November, 1964, con-

sumed several days, and resulted in judgment declaring the R-2 zoning of the area involved void.

Respondents' basic theory in the trial court and here is that the interposition of the limited access highway rendered the existing zone of the severed parcel immediately incompatible with the town of Houghton's comprehensive zoning plan and with the contiguous residential zone to the south, and that continuance of such zoning classification was unreasonable and amounted, in effect, to spot zoning. From this premise, respondents reason that the failure of the town of Houghton to initiate appropriate amendatory or rezoning action in 1961, when the route of the highway was determined, constituted arbitrary and unreasonable inaction rendering the existing zoning classification void as of 1961. Thus, respondents argue, appellant-intervenor's application for a building permit in 1963 gave rise to no vested rights and, furthermore, that the 1964 action of the Planning Commission and City Council of the town of Houghton was ex post facto and of no consequence.

The trial court adopted respondents' theory. In doing so, the trial court admitted and considered evidence not presented to or passed upon by Houghton's Planning Commission or City Council at their 1964 hearings. Furthermore, the trial court, while finding the pertinent zoning regulations void, did not, except upon an incidental basis, find or conclude that the planning commission or city council had acted arbitrarily or unreasonably in denying respondents' petition.

On appeal, both appellants in effect contend that, under the circumstances of this case, the ultimate and dispositive question is whether the Planning Commission and the Houghton City Council acted arbitrarily and capriciously in 1964, when respondents' petition for a change in the questioned zoning regulation was denied. Thus, they say, the trial court erred in considering evidence de hors the record made before the zoning authorities, and in independently determining that the existing zoning was void

prior to the time of appellant-intervenor's application for a building permit in 1963.

We are constrained to agree with appellants.

█ We have no quarrel with respondents' basic theme to the effect that while zoning implies a degree of permanency, it is not static and zoning authorities cannot blind themselves to changing conditions. Thus, when conditions surrounding or in relation to a zoned area have so clearly changed as to emphatically call for revisions in zoning, the appropriate zoning authorities are under a duty to initiate proceedings and consider the necessity of pertinent modifications of their zoning ordinances. Otherwise, outmoded zoning regulations can become unreasonable, and the zoning authorities' failure to suitably amend or modify their ordinances can become arbitrary, in which event courts can and should grant appropriate relief. 2 Metzenbaum, Zoning 1125 (2d ed. 1955).

█ It must be borne in mind, however, that when a municipality acts pursuant to our zoning statute (RCW 35.63) and adopts a comprehensive plan, and then or thereafter enacts or rejects implementing, amendatory, or rezoning ordinances the municipality is exercising police power and is performing a legislative function. *Lillions v. Gibbs*, 47 Wn.2d 629, 289 P.2d 203 (1955); *State ex rel. Gunning v. Odell*, 58 Wn.2d 275, 362 P.2d 254 (1961); *McNaughton v. Boeing*, 68 Wn.2d 659, 414 P.2d 778 (1966). And, the municipality's police power and legislative prerogative extends, in the ordinary case where the need is reasonably debatable, to the determination of whether the public interest "requires a change in zoning laws, and whether or not a change in the character, condition or surroundings of a locality has taken place which requires or justifies a rearrangement of established zones, classifications, restrictions or regulations." 8 McQuillan, Municipal Corporations § 25.67, at 173 (3d ed. 1965). Courts simply do not possess the power to amend zoning ordinances or to rezone a zoned area, and they cannot and should not invade the legislative arena or intrude upon municipal zoning determinations, absent a clear showing of arbi-

trary, unreasonable, irrational or unlawful zoning action or inaction. *State ex rel. Gunning v. Odell, supra*; *McNaughton v. Boeing, supra*.

 Against this background then, a distinction in the judicial role, procedure, and relief must be recognized between situations where zoning authorities have wholly omitted to exercise their power to modify or amend their ordinances to conform to changed conditions which clearly and patently render pertinent zoning regulations arbitrary and unreasonable, and situations where zoning authorities have in fact, either spontaneously or upon petition, held hearings and considered changed conditions in relation to their zoning ordinances and made a legislative determination that rezoning is either necessary or unnecessary.

In the first situation, the court perforce must receive original evidence and, because the zoning authorities have not exercised their legislative powers, may, if the facts demand, declare outmoded regulations arbitrary, unreasonable, and void and may direct the zoning authorities to make appropriate revisions. If vested rights have not intervened, the court may also judicially declare when the regulations become void. The proceeding is original in nature and assumes the aspects of an action for declaratory relief.

In the second situation, however, the court is reviewing legislative action taken by the proper zoning authorities. The review is appellate in nature and is ordinarily by way of certiorari. The court's attention, therefore, is limited to and focused upon the proceedings before the zoning authorities and whether such authorities, upon the basis of the circumstances and evidence before them, arbitrarily or capriciously exercised or refused to exercise their police and legislative powers which, in turn, has resulted in the imposition or continuation of clearly unreasonable and unrealistic zoning regulations. If, in keeping with the law governing such reviews, the court so finds it may declare the action of the zoning authorities invalid, the regulations resulting from such action void, and remand the matter to the zoning authorities for appropriate action.

In this situation, the invalidity of the challenged regulations springs principally from the voided legislative action of the zoning authorities rather than from preexisting events.

In the instant case the Planning Commission and the Houghton City Council, pursuant to petition, did hold hearings, did consider evidence and arguments advanced by respondents and appellant-intervenor concerning the necessity of changing the existing zoning of the area in question, and did render a legislative decision upon the issue. The case, therefore, falls into the second category. Thus, the trial court erred when it received and considered evidence in addition to and de hors the 1964 proceedings before the zoning authorities of Houghton, and thereupon determined that such authorities had arbitrarily failed to modify or conform their zoning ordinances prior to 1963. The net result was a bypassing of the 1964 investigative and legislative action of the proper zoning authorities and a substitution of the court's judgment for theirs. This the court could not do, for the issue before the court was whether the Houghton zoning authorities had acted arbitrarily, capriciously, or unreasonably in refusing the requested change in zoning.

We have frequently defined arbitrary and capricious administrative action as being willful and unreasoning action, without consideration and in disregard of facts or circumstances, and have pointed out that, where there is room for two opinions, action is not arbitrary and capricious when exercised honestly and upon due consideration, even though it may be otherwise felt that a different conclusion might be reached. *Lillions v. Gibbs, supra; McNaughton v. Boeing, supra.* The trial court did not find the 1964 decision of the appropriate planning and zoning authorities to be arbitrary and capricious within the foregoing definition, and our own review of the record presented here leads us to the conclusion that such a finding could not properly be made. The record amply demonstrates room for an honest difference of opinion as to the necessity or desirability of rezoning the pertinent area however meritorious the desires of respondents might be.

The trial court did, however, find and conclude that the hearing before the Houghton City Council was lacking in due process, because appellant-intervenor engaged the services of and presented the report of an engineering firm which on an occasional hourly basis furnished engineering services to the town of Houghton. We cannot agree with this conclusion, nor with respondents' contention that this fatally taints the hearing before the city council with a conflict of interest. The presumption of regularity and validity attaching to legislative determinations cannot be overcome by speculation that the evidence of one witness unduly influenced the decision. 1 Rathkopf, Zoning and Planning, chs. 21, 22 (3d ed. 1964). There is nothing of substance in the record to point to fraud, corruption, undue influence, or an invalid conflict of interest on the part of the city council.

We conclude that the action of the Planning Commission and the City Council of Houghton was valid, and that appellant-intervenor's application for a building permit on August 16, 1963, gave rise to the right to construct in accordance with the existing zoning on that date, in accordance with our rule announced in *State ex rel. Ogden v. Bellevue*, 45 Wn.2d 492, 275 P.2d 899 (1954), and *Hull v. Hunt*, 53 Wn.2d 125, 331 P.2d 856 (1958).

The judgment of the trial court is accordingly reversed.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and WARD, J. Pro Tem., concur.

February 6, 1967. Petition for rehearing denied.