[No. 39381.    Department One.    March 20, 1969.]

Don F. Farrell et al., *Respondents*, v. The City of Seattle, *Appellant*.*

*A. L. Newbould* and *Gordon F. Crandall*, for appellant.

*Derrill T. Bastian*, for respondents.

Williams, J.†—Respondents Farrell, Suther and Clark are the owners of property located in the Fremont district

*Reported in 452 P.2d 965.

---

†Judge Williams is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

of Seattle. The additional respondent, Site Development, Inc., a Washington corporation, holds options to purchase the properties of the other individual respondents. This action arose out of the refusal of the city of Seattle, the appellant herein, to rezone respondents' property from a residential to a business use classification.

North 46th Street is an east-west arterial; and Fremont Avenue North is a north-south arterial. The subject property is situated at the southwest quadrant of the intersection of North 46th Street and Fremont Avenue North in the city of Seattle. It is presently zoned RM (multiple residence).

To the north of respondents' property, across North 46th Street, on the northwest and northeast quadrants of the intersection with Fremont Avenue North, are two pieces of property, zoned BN (neighborhood business), where two service stations are operated. Across the street to the west is a 4-unit apartment house, about 40 years old, which is also on RM zoned property.

To the south, along both sides of Fremont Avenue North, between North 45th Street and a point about half-way between North 43rd Street and North 42nd Street, there is a ribbon of property zoned as BC (community business). Some of this property is being used for business purposes, other for residential. Other property in the area is zoned as residential.

In September, 1965 respondents petitioned the City of Seattle to rezone their property from RM residential to BN business. The planning commission heard this matter and subsequently recommended denial of the petition for the reasons that the requested BN zoning would (1) result in an irregular "fingerlike" extension not in accord with accepted planning practice in the drawing of zoning boundary lines, (2) not be in the best interests of residentially zoned and developed properties nearby, (3) not be responsive to a need for additional business zoning to serve the needs of the neighborhood, (4) not be well located relative to serving the Fremont neighborhood; also its loca-

tion on North 46th Street, which is a major east-west thoroughfare, would be a negative factor since additional business development would tend to interfere with expedited traffic movement.

The Seattle City Council followed this recommendation and denied the petition. In November, 1965 respondents petitioned for the rezoning of all the property on both sides of Fremont from North 45th Street to North 46th Street. This effort also failed with the additional reason given for denial that such zoning would result in "ribbon business" zoning and development contrary to established city policy to discourage such zoning. Respondents then brought the present action, in the form of a writ of certiorari, to review the action of the city council and compel the city to rezone the property so as to permit construction and operation of a gasoline service station. The petition upon which the case was tried challenged the zoning only as it applied to the corner property of respondents and not to both sides of Fremont between North 45th and North 46th Streets.

The trial court did not have available to it the record of the hearing conducted by the planning commission as it was not transcribed. Based on what record was before it, however, it concluded that the land use restrictions imposed upon respondents' property were discriminatory, arbitrary, and capricious, and that they bore no substantial relationship to the health, safety, morals, and general welfare of the community. Judgment was entered declaring these restrictions to be void.

Appellant City of Seattle, has five assignments of error in its appeal. The fourth relates to the trial court's determination that the refusal to rezone was arbitrary and capricious. In view of the conclusion we reach as to that assignment of error, it will be unnecessary to consider the others.

■ A concise statement of the law concerning a challenge to the *zoning action taken by a municipality was given in State ex rel. Myhre v. Spokane,* 70 Wn.2d 207, 210, 422 P.2d 790 (1967):

Zoning is a discretionary exercise of police power by a legislative authority. *Lillions v. Gibbs,* 47 Wn.2d 629, 289 P.2d 203 (1955). Courts will not review, except for manifest abuse, the exercise of legislative discretion. *State ex rel. Smilanich v. McCollum,* 62 Wn.2d 602, 384 P.2d 358 (1963). Manifest abuse of discretion involves arbitrary and capricious conduct. Such conduct is defined to be without consideration and in disregard of the facts. *State ex rel. Lopez-Pacheco v. Jones,* 66 Wn.2d 199, 401 P.2d 841 (1965); *State ex rel. Cosmopolis Consol. School Dist. No. 99 v. Bruno,* 61 Wn.2d 461, 378 P.2d 691 (1963). One who asserts that a public authority has abused its discretion and is guilty of arbitrary, capricious, and unreasoning conduct has the burden of proof. *State ex rel. Lopez-Pacheco v. Jones, supra; State ex rel. Longview Fire Fighters Union, Local 828, v. Longview,* 65 Wn.2d 568, 399 P.2d 1 (1965). If the validity of the legislative authority's classification for zoning purposes is fairly debatable, it will be sustained. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 71 L. Ed. 303, 47 Sup. Ct. 114, 54 A.L.R. 1016 (1926).

■ We also recognize that, although zoning implies a degree of permanency, municipal authorities must be responsive to changing conditions and circumstances which justify revision of existing zoning classifications. Otherwise, the outdated land use restrictions may become unreasonable, and refusal to amend or modify zoning ordinances could result in arbitrary and unreasonable conduct. *Bishop v. Town of Houghton,* 69 Wn.2d 786, 420 P.2d 368 (1966). Although courts are not empowered to amend zoning ordinances, or rezone a particular property, they may grant appropriate relief and declare the action of the zoning authorities invalid, upon a showing of unreasonable and arbitrary zoning action or inaction. *Bishop v. Town of Houghton, supra; McNaughton v. Boeing,* 68 Wn.2d 659, 414 P.2d 778 (1966).

With these principles in mind, we now review the action of the trial court in the present case. In its oral decision the trial court emphasized the proximity of other business zoned property to respondents' property. It concluded that there was no rational reason for treating it differently than

other business property on Fremont Avenue North, north or south of it. It reasoned that to allow respondents a business classification would merely solidify and unify what was already there, and eliminate an inexplicable gap in the zoning of this neighborhood. The trial court further felt that since there already was a business district established, it couldn't be said that respondents' petition wasn't in the best interest of the residential area and that it was responsive to the need as shown by the fact that there was an opportunity to develop this property reasonably for commercial purposes.

In this neighborhood it is apparent that residentially zoned property is present on all sides of respondents' property. The business zoned property to the north and south of the subject property was so zoned, in all likelihood, in recognition of businesses existing on those premises when the area was originally zoned. The planning commission found, among other things, that to grant respondents' request would amount to an extension of "ribbon business" zoning contrary to zoning policy and that respondents had failed to show a need for additional business.

■ The fact that respondents' property is situated between a small isolated "spot business" zone on the northeast and northwest corners of North 46th Street and Fremont Avenue North and a two and one-half block strip of business zone south of North 45th Street does not alter the fact that granting their petition would result in either extending the ribbon zone already in existence or creating additional spot zoning, both of which are contrary to city zoning policy. Even though the city recognized and permitted the spot zoned area at the time of the adoption of the comprehensive zoning ordinance, that fact does not justify permitting additional spot zoning in the immediate neighborhood. *State ex rel. Miller v. Cain*, 40 Wn.2d 216, 242 P.2d 505 (1952). Nor does the fact that there is a business zone in existence and an opportunity and desire on

the part of respondents to develop new businesses necessarily show the need or desirability for additional business zoning.

As was said by the Supreme Court of Utah in *Dowse v. Salt Lake City Corp.*, 123 Utah 107, 111, 255 P.2d 723 (1953) in affirming a denial of an application to rezone from residential to commercial even though much of the property in other blocks in the neighborhood of the one on which plaintiff's property was located was zoned for commercial purposes:

> The fact that plaintiff's one-half lot might be more profitably used for commercial than for residential purposes, or indeed, the fact that it has become unsuited for residential purposes does not show discrimination or reveal arbitrary action. The character of the district as a whole must be kept in mind in determining whether the health, safety, morals or general welfare of the district and hence of the community would be promoted by permitting encroachment into the residential area of commercial or industrial establishments.

■ The extension of the existing business zone requested by respondents was in effect an encroachment into a residentially zoned area and the desirability of such action was a reasonably debatable matter when considered with respect to the entire area. The planning commission, after hearing and considering all of the testimony, exhibits and arguments both for and against, decided the question adversely to respondents and the city council adopted that decision. When there is room for an honest difference of opinion as to the desirability of rezoning a particular property, the action of the zoning body, when exercised honestly and with due consideration, cannot be characterized as arbitrary or capricious. *Bishop v. Town of Houghton, supra; Lillions v. Gibbs*, 47 Wn.2d 629, 289 P.2d 203 (1955).

Based on these considerations, we hold that respondents failed to sustain their burden of proving that the city

council acted arbitrarily or capriciously in refusing to grant respondents' petition and the trial court erred in so holding.

The judgment is reversed.

HILL, FINLEY, and WEAVER, JJ., concur.

ROSELLINI, J., concurs in the result.

August 6, 1969. Petition for rehearing denied.