[No. 3177-2. Division Two. September 6, 1979.]

D.E.B.T., LTD., *Appellant,* v. THE BOARD OF CLALLAM COUNTY COMMISSIONERS, *Respondent.*

*Erwin P. Jones,* for appellant.

*Craig A. Ritchie, Prosecuting Attorney,* for respondent.

SOULE, J.—D.E.B.T. appeals the decision of the Superior Court dismissing its writ of certiorari and affirming the decision of the Board of Clallam County Commissioners which required the preparation of an environmental impact statement before approval of a preliminary development plat. We affirm the decision of the Superior Court which upheld the order of the Board of County Commissioners.

In March of 1977, D.E.B.T., a developer, sought approval of a preliminary plat from Clallam County for a new subdivision to be located near the town of Sequim. On May 25, 1977, the Clallam County Planning Commission recommended approval of the preliminary plat and declared that the subdivision was not a major action significantly affecting the environment enough to require the preparation of an environmental impact statement (EIS) under the State

Environmental Policy Act (SEPA). The matter was then presented to the Board of Clallam County Commissioners. After holding a preliminary hearing the Board decided on June 13, 1977, not to approve the recommendation of the planning commission summarily. Further public hearings were held at which neighboring landowners presented information opposing the proposed development. On July 11, 1977, the Board declined to follow the recommendation of the planning commission and declared that the proposed development was a major action significantly affecting the environment requiring the preparation of an EIS before further action could be taken on the application for the preliminary plat.

D.E.B.T. sought review of this decision in Superior Court by writ of certiorari. The Superior Court dismissed the writ and declared in a memorandum opinion that the Board had authority to reject the recommendation of the planning commission and to require the preparation of an EIS. D.E.B.T. raises four issues on appeal: (1) Did the Board of County Commissioners have authority to reject the recommendation of the planning commission and declare that the proposed development is a major action significantly affecting the environment requiring compliance with SEPA?; (2) Did the Board violate equal protection by requiring D.E.B.T. to prepare an EIS?; (3) Are the findings of the Superior Court supported by substantial evidence?; (4) Did the Board act arbitrarily and capriciously when it declined to follow the recommendation of the planning commission?

■ The primary issue in this case turns on whether the Board of County Commissioners had authority to reject the recommendation of the planning commission and require that the proposed development comply with SEPA. A planning commission normally functions as a fact–finding tribunal. *Chrobuck v. Snohomish County,* 78 Wn.2d 858, 869, 480 P.2d 489 (1971); *State ex rel. Gunning v. Odell,* 58 Wn.2d 275, 278, 362 P.2d 254 (1961). Unless a statute or ordinance provides to the contrary, authority is generally limited to that of an advisory administrative body, and its

recommendations are not binding but are subject to final approval by the legislative body of the municipality. 8A E. McQuillin, *Municipal Corporations* § 25.226, at 128 (3d ed. 1976). *See also Lauterbach v. Centralia,* 49 Wn.2d 550, 558, 304 P.2d 656 (1956); *Ferris v. Alhambra,* 189 Cal. App. 2d 517, 11 Cal. Rptr. 475, 477 (1961). RCW 35.63, which authorizes the creation of planning commissions and the adoption of comprehensive plans by municipalities within the state, gives to planning commissions only the power to make recommendations to the Board of County Commissioners. RCW 35.63.060.[1] *See also* RCW 35.63.100. The adoption or rejection of such recommendations is in the sound discretion of the Board, *see Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955), and the Board may disaffirm any decision of the planning commission. RCW 35.63.120.[2] *See also* RCW 58.17.100 (providing that recommendations of planning commissions concerning proposed subdivisions are advisory only). Therefore, unless Clallam County ordinances provide otherwise, it is clear from the general law concerning planning commissions in this state and elsewhere that a planning commission functions as a fact–finding tribunal whose recommendations are not necessarily binding upon the municipality's legislative body.

The Clallam County ordinances are consistent with this principle. Section 2.10 of the Clallam County Charter vests all legislative and executive authority in the Board of County Commissioners.[3] More specifically, the Board has

---

[1]RCW 35.63.060 reads in pertinent part:

"The commission may act as the research and fact finding agency of the municipality. To that end it may make such surveys, analyses, researches and reports as are generally authorized or requested by its council or board, or by the state with the approval of its council or board."

[2]RCW 35.63.120 provides in pertinent part:

"The council or board, pursuant to public hearing called by them upon application therefor by any interested party or upon their own order, may affirm, modify or disaffirm any decision of the commission."

[3]Section 2.10 of the Clallam County Charter reads as follows: "The legislative and executive body shall be the Board of County Commissioners, . . ."

ultimate responsibility for environmental decisions and it may accept or reject recommendations made by the planning commission concerning preliminary subdivision plats. Clallam County ordinance No. 40 §§ 2.14, 2.22 (1972).[4] D.E.B.T. argues, however, that the county failed to follow its own ordinances adopted to carry out the provisions of SEPA. We disagree.

RCW 43.21C.030(2)(c) provides that decisions concerning the environmental impact of proposed action for purposes of SEPA be made by a "responsible official." WAC 197-10-300(1) states that the threshold determination of whether an EIS is required shall be made by a "Responsible official designated by the lead agency." Clallam County ordinance No. 53 (1974) adopted to carry out the mandate of SEPA states that the responsible official shall be the "elected County Board of Commissioners and/or their designated department personnel, including, but not limited to, a majority of the Planning Commission." Clallam County ordinance No. 53 § 2(2) (1974).[5] We interpret this section to mean that the Board retains final authority for determining whether or not an EIS is required, and that it can delegate fact-finding duties in

---

[4]Section 2.14 of Clallam County ordinance No. 40 (1972) reads as follows:

"At the meeting, scheduled for consideration of the preliminary plat the Board shall, after reviewing the recommendations of the Planning Commission, the county engineer, the health official, the fire protection official, and any other relevant evidence presented to it, *either concur in or reject the Planning Commission's recommendation.*" (Italics ours.)

Section 2.22 of Clallam County ordinance No. 40 (1972) reads as follows: "The Board shall, . . . determine . . . [w]hether the public use and interest will be served by approving the proposed final plat; . . . The Board shall thereupon approve or disapprove the proposed final plat."

[5]Section 2(2) of Clallam County ordinance No. 53 (1974) reads as follows:

"'Responsible Official' means the elected County Board of Commissioners and/or their designated department personnel, including, but not limited to, a majority of the Planning Commission, a majority of the Board of Adjustment, and a majority of the governing body of other affected County Boards and Commissions. These responsible officials may act in behalf of the Board of County Commissioners, subject to appeal to the Board of County Commissioners within ten (10) days as provided by Section 12 of this ordinance."

such matters to the planning commission just as it can in other zoning and environmental matters. This is consistent with the principle that final authority to adopt platting ordinances and to oversee zoning matters rests with the legislative body of a municipality. RCW 58.17.100; *State ex rel. Gunning v. Odell, supra.*

Clallam County ordinance No. 56 (1974) specifies certain types of action which do not require the preparation of an EIS. D.E.B.T. argues that the present case fits the category listed in section 1(d) of this ordinance, actions for which a determination of no environmental significance has previously been made by a county department.[6] It argues that, since the planning commission has already made a determination of nonsignificance, under this section of ordinance No. 56 the Board of County Commissioners is bound by that determination. We disagree.

■ This argument is based upon a strained interpretation of ordinance No. 56. The purpose of limitations like the one contained in section 1(d) is to prevent the expense involved in duplicative administrative action when a declaration of nonsignificance has already been made by the agency with the final authority to make such a determination. *See Loveless v. Yantis,* 82 Wn.2d 754, 764–65, 513 P.2d 1023 (1973). When construed with ordinance No. 53, this section should apply to situations where a threshold determination of no significance has been made and adopted as final by the Board, not to situations where a preliminary determination of no significance has been made by the planning commission which is subject under local ordinances and charter to final approval or rejection by the

---

[6]Section 1(d) of Clallam County ordinance No. 56 (1974) reads as follows:

"Be It Hereby Ordained by the Board of Clallam County Commissioners that the following classes of action do not require a further determination of environmental significance, the preparation of an impact statement, or the preparation of the declaration of significant impact: . . . Actions for which a determination of no environmental significance has previously been made by a county department and a declaration of no significant impact prepared."

Board. We hold that under Clallam County's own ordinances, the Board of County Commissioners is the "responsible official" for purposes of making the threshold determination under SEPA unless the Board expressly delegates this authority to another agency. The Board, therefore, is free to disregard the recommendation made by the planning commission and make its own independent determination of whether SEPA applies to a proposed development.

▪ D.E.B.T. next argues that the Board violated equal protection by requiring the preparation of an EIS contrary to its own ordinances. Since we have already determined that the Board did not disregard its ordinances when it refused to adopt the decision of the planning commission summarily, we find no merit in this argument. Further, the action of a government entity does not violate equal protection unless there is no reasonable basis upon which to support a classification. *E.g., Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n,* 83 Wn.2d 523, 529, 520 P.2d 162 (1974). The decision of the Board to require an EIS is not a classification which violates equal protection as a reasonable basis exists to support the Board's determination, namely a concern for the impact of the development on local services and population density.

D.E.B.T. also challenges findings of fact Nos. 3 and 4 of the Superior Court, that the planning commission made a "recommendation" that the preliminary plat be approved *and that this recommendation was transmitted to the* Board. D.E.B.T. argues that the planning commission actually made a declaration of nonsignificance, not merely a recommendation, which is binding on the Board. Since we have already held that the planning commission made only an advisory determination that an EIS was not required which the Board was free to accept or reject, we find this argument to be without merit.

▪ Finally, D.E.B.T. argues that the action of the Board was arbitrary and capricious. We need not reach this issue

since it was not argued to the Superior Court. RAP 2.5(a); *Fuqua v. Fuqua,* 88 Wn.2d 100, 105, 558 P.2d 801 (1977).

The decision of the Superior Court which dismissed D.E.B.T.'s writ of certiorari is affirmed.

PEARSON, C.J., and REED, J., concur.